**Francisco J. MACEDO–CASTELLON,
aka Francesco Macedo,
Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney
General, Respondent.**

No. 09–73816.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 12, 2013.*

Filed April 4, 2013.

Francisco J. Macedo–Castellon, Los Angeles, CA, pro se.

OIL, Siu P. Wong, Esquire, Trial, U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: BERZON and WATFORD, Circuit Judges, and CARR, Senior District Judge.**

MEMORANDUM ***

Petitioner, Francisco J. Macedo–Castellon, petitions for review of a Board of Immigration Appeals (BIA) order denying his motion to reopen as untimely. The BIA also concluded that the new evidence Macedo–Castellon submitted did not war-

rant reopening in any event. For the following reasons, we dismiss the petition.

Macedo–Castellon first argues that he should be entitled to equitable tolling because his attorney committed fraud when she promised to file his motion to reopen in a timely manner and failed to do so. However, he did not provide proper evidence of the purported misconduct to the BIA, nor has he done so here. *See Lopez v. I.N.S.,* 184 F.3d 1097, 1100 (9th Cir. 1999). Thus, the BIA did not err in denying Macedo–Castellon's motion as untimely.

Even if Macedo–Castellon's motion to reopen were timely, we would lack jurisdiction to review the BIA's denial because it "pertain[ed] only to the merits basis for a previously-made discretionary determination." *Fernandez v. Gonzales,* 439 F.3d 592, 603 (9th Cir.2006). Here, the BIA previously denied Macedo–Castellon's application for cancellation of removal based on the discretionary determination that he failed to establish "exceptional and extremely unusual hardship" to a qualifying relative. 8 U.S.C. § 1229b(b)(1). Macedo–Castellon filed a motion to reopen based on the same type of evidence on which he previously relied to support his cancellation of removal claim, and the BIA concluded that the evidence was insufficient to warrant reopening his case. Under *Fernandez,* we would lack jurisdiction to review this determination because Macedo–Castellon's petition presents "essentially the same discretionary issue originally decided." *Fernandez,* 439 F.3d at 600.

In any event, the BIA's denial of Macedo–Castellon's motion to reopen did not

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable James G. Carr, Senior District Judge for the U.S. District Court for the Northern District of Ohio, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.



result in a violation of due process. A due process violation may result from the BIA's failure to review appropriately all of the evidence provided to it. However, it is "presumed" that the BIA "review[ed] all the evidence presented unless [it] explicitly expresses otherwise." *Larita–Martinez v. I.N.S.*, 220 F.3d 1092, 1095 (9th Cir.2000) (internal quotation marks omitted). Moreover, because Macedo–Castellon's wife is neither a U.S. citizen nor a lawful permanent resident, the Board was not obliged to give weight to the evidence regarding her medical condition. Macedo–Castellon has therefore failed to provide information sufficient to demonstrate a due process violation.

**PETITION FOR REVIEW DISMISSED.**